## Langstrom *v.* Mooney, Appellant.

*Negligence—Permanent personal injuries—Evidence—Absence of medical testimony.*

Where the plaintiff, in an action for damages for personal injuries, has testified to a permanent impairment of sight and hearing, and no medical testimony is offered on either side, it is not error to charge the jury that, if they find for the plaintiff, she is entitled to recover compensation for the permanent injury which she has sustained.

Argued April. 6, 1892.    Appeal, No. 232, Jan. T., 1892, by defendant, Daniel Mooney, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1887, No. 511, on verdict for plaintiff, Sadie R. Langstrom.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for personal injuries caused by the alleged negligence of defendant's driver.

The evidence on the trial was that the plaintiff was thrown down and injured by coming in contact with defendant's team. The questions of the defendant's negligence and of contributory negligence by the plaintiff, were left to the jury.    There was no medical testimony as to the injury to plaintiff.    On the question of damages, the court below charged the jury as follows : " The plaintiff has testified that her arm was broken in two places between the wrist and the elbow.    From this injury she has recovered as fully as one can probably ever recover from such an injury.    That she was also injured in her head, and as a result of that injury there is a permanent impairment of the sight of one eye and the hearing of one ear.    If you find her entitled to recover you will consider the pain and suffering which she has endured because of this injury, [and she is entitled to recover compensation for the permanent injury which she has sustained."]

The verdict was for $1,600 ; which amount was reduced by remittitur to $1,000.

*Errors assigned* were (1, 2) charging as above in brackets, without calling the attention of the jury to the absence of expert medical testimony.

*Samuel Gormley, Jacob Schnare, Jr.*, with him, for appellant.

*Richard P. White,* not heard, for appellee.

PER CURIAM, eo die.
Judgment affirmed.